IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRUCE BARR and ANNE BARR, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-13-2654 |
| FLAGSTAR BANK, F.S.B., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Bruce Barr and Anne Barr (the "Barrs") bring this action against Defendant Flagstar Bank, F.S.B. ("Flagstar"), alleging a violation of § 1641(g) of the Truth in Lending Act of 1968. 15 U.S.C. § 1641(g). The original complaint was filed in the District Court of Maryland for Queen Anne's County and the Defendant removed the case to this Court, pursuant to 28 U.S.C. §§ 1331 and 1441.

Pending before this Court is Defendant's Motion to Dismiss (ECF No. 6). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendant Flagstar Bank's Motion to Dismiss (ECF No. 6) is GRANTED.

## BACKGROUND

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

On June 26, 2007, Plaintiffs Bruce and Anne Barr refinanced their home loan. Compl. ¶ 2, ECF No. 2. The Barrs then defaulted on the loan and foreclosure of the house ensued. *Id.* The Deed of Trust securing Plaintiffs' loan was assigned to Defendant Flagstar Bank on March 14, 2012.[1] *Id.*; *see also* Compl. Ex. A, at 6. Flagstar recorded the assignment of the Deed of Trust on November 20, 2012.[2] *See* Compl. Ex. A, at 6. Plaintiffs, however, did not learn of the assignment until November 2012. Compl. ¶ 3.

---

[1] Throughout the Complaint, Plaintiffs refer to the Deed of Trust as the "Note." *See, e.g.,* Compl. ¶ 2. Upon review of the "Transfer and Assignment of Security Instrument" attached to the Complaint, the "Note" is actually the Deed of Trust providing the security for the home loan. Compl. Ex. A, at 6. A note and a deed of trust are separate concepts. Whereas the note is the "obligation to pay borrowed money," the deed of trust, like a mortgage, "creates a lien against the property as security for that obligation." *Knowles v. HSBC Bank USA*, No. CV-11-J-1953-S, 2012 WL 2153436, at *2 n.4 (N.D. Ala. June 8, 2012). Plaintiffs' characterization of the Deed of Trust as the "Note" is inaccurate.

[2] After combing through the record, this Court has determined that Defendant is the holder *only* of the Deed of Trust. Plaintiffs do not contend that Flagstar is the holder of the debt. The identity of the holder of the underlying debt, on the basis of the pleadings, is thus unknown.

On August 9, 2013, Plaintiffs filed the instant Complaint in state court. Plaintiffs contended that Defendant's failure to disclose the execution of the assignment of the Deed of Trust violated the disclosure requirement of § 1641(g) of the Truth in Lending Act of 1968. Compl. ¶ 3. Shortly after removing the action to this Court, Defendant moved to dismiss Plaintiffs' Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Def.'s Mot. to Dismiss, ECF No. 6. Plaintiffs filed a Response in Opposition to Defendants' Motion to Dismiss (ECF No. 9). The Opposition however, fails to provide any cognizable argument against Defendant's Motion to Dismiss. Defendant subsequently filed a Reply in Support of their Motion to Dismiss (ECF No. 10).

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d

435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial

experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (internal quotation marks omitted).

## ANALYSIS

Defendant bases its Motion to Dismiss upon two grounds. First, Flagstar argues that Plaintiffs fail to state a claim upon which relief may be granted because the assignment of the Deed of Trust did not trigger the disclosure requirement of § 1641(g) of the Truth in Lending Act. Def.'s Mot. to Dismiss at 3. Second, Flagstar asserts that, even if the assignment does fall under § 1641(g), Defendant's failure to notify is excused by the "safe harbor" protection of § 1641(f) of the same Act.[3] *Id.* at 3-4. Since an assignment of only the deed of trust does not trigger the § 1641(g) disclosure requirement, this Court will not reach the question of whether the "safe harbor" provided by § 1641(f) would apply.

Defendant does not dispute the Barrs' contention that it did not disclose to them the assignment of the Deed of Trust. Rather, Defendant argues that the disclosure requirement of § 1641(g) of the Truth in Lending Act does not apply to the assignment of the Deed of Trust. For Plaintiffs' claim to proceed, § 1641(g) must apply to transfers and assignments of

---

[3] Under 15 U.S.C. § 1641(f)(2), a "servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation . . . ." As this Court has concluded that § 1641(g) does not apply to transfers of only the security instrument, it is not necessary to determine the applicability of § 1641(f).

deeds of trust. If § 1641(g) does not apply to such transfers or assignments, then Plaintiffs have failed to state a claim upon which relief may be granted and the action will be dismissed.

As an instrument of consumer protection, the Truth in Lending Act mandates a variety of disclosures pertaining to consumer credit and lending. 15 U.S.C. § 1601. Under § 1641(g), parties assuming home loans, and thereby becoming new creditors, must disclose the assignment to the borrower in writing by a certain date. In full, this section requires:

>  **(1) In general**
>  
>  In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including–
>  
>  **(A)** the identity, address, telephone number of the new creditor;
>  **(B)** the date of transfer;
>  **(C)** how to reach an agent or party having authority to act on behalf of the new creditor;
>  **(D)** the location of the place where transfer of ownership of the debt is recorded; and
>  **(E)** any other relevant information regarding the new creditor.
>  
>  **(2) Definition**
>  
>  As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g). Regulation Z, "which implements this section, provides that a person is covered by § 1641(g) if he or she 'becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other

transfer.'" *Connell v. CitiMortgage, Inc.*, No. 11-0443-WS-C, 2012 WL 5511087, at *6 (S.D. Ala. Nov. 13, 2012) (quoting 12 C.F.R. § 1026.39(a)(1)).

Here, Plaintiffs' § 1641(g) claim concerns only the assignment of the Deed of Trust on March 14, 2012. Plaintiffs do not discuss the status of the underlying debt in either the Complaint (ECF No. 2) or the Response in Opposition to Defendant's Motion to Dismiss (ECF No. 9), nor does the "Transfer and Assignment of Security Instrument" purport to transfer any interest beyond an interest in the Deed of Trust.[4] Compl. Ex. A, at 6. Thus, the sole question before this Court is whether the transfer of the Deed of Trust alone is sufficient to trigger the disclosure requirement of § 1641(g).

This Court will first consider the plain language of § 1641(g). The disclosure requirement of § 1641(g) applies when the new creditor acquires (via transfer, sale, assignment, or other means) the borrower's "mortgage loan" or "debt." This section makes no mention of the instrument securing the debt, such as a deed of trust. The underlying debt and the security instrument, however, are entirely separate concepts. *Connell*, 2012 WL 5511087, at *8 n.14 ("Of course, notes and mortgages are conceptually distinct."); *see also Knowles*, 2012 WL 2153436, at *2 n.4 (explaining that the "Note is the obligation to pay borrowed money, [whereas] the mortgage merely creates a lien against the property as

---

[4] The Transfer and Assignment of Security Instrument says, in part, "Mortgage Electronic Registration Systems, Inc. . . . does hereby assign, transfer, set over and convey unto Flagstar Bank, FSB, its successors or assigns, that certain Deed of Trust executed by Bruce Barr and Anne Barr . . . together with the real property therein described, known as 416 Chesapeake Avenue, Stevensville, MD 21666; its right, title and interest in and to the *said Deed of Trust*, and the property therein described." Compl. Ex. A, at 6 (emphasis added). There is no mention of any interest in the underlying debt.

security for that obligation."). Even the definition of "mortgage loan" provided by § 1641(g)(2) distinguishes between the debt and the security instrument. The mortgage loan is "any consumer credit transaction that is *secured* by the principal dwelling of a consumer." 15 U.S.C. §1641(g)(2) (emphasis added). The first action is the creation of the debt through a "consumer credit action," while a separate action – the creation of the security instrument – is necessary to turn the debt into a mortgage loan. *See Terry v. Mortgage Electronic Registration Systems, Inc.*, No. 8:13-cv-00773-AW, 2013 WL 1832376, at *2-3 (D.Md. Apr. 30, 2013) (concluding that § 1641(g)(2) affirms the distinction between the debt and a security instrument). Given this distinction, "mortgage loan" is not merely a catch-all term. Instead, it is synonymous *only* with "debt," thereby representing a conscious choice to exclude transfers of only the security instrument from the reach of § 1641(g). *Terry*, 2013 WL 1832376, at *2-3; *see also O'Dell v. Deutsche Bank Nat. Trust Co.*, No. 1:12-cv-985 (JCC/IDD), 2013 WL 2389874, at *13 (E.D. Va. May 30, 2013) (stating that it is "clear" that the assignment of *only* the deed of trust did not implicate § 1641(g)); *Giles v. Wells Fargo Bank, N.A.*, 519 Fed. Appx. 576, 578 (11th Cir. 2013) (explaining that the "plain language" of § 1641(g) refers only to transfers of the debt, not the security instrument).

Regulation Z similarly differentiates between debt and security instruments by applying § 1641(g) only to those persons who "acquir[e] legal title to the debt obligation." 12 C.F.R. § 1026.39(a)(1). By omitting those persons who acquire title to the *security interest*, Regulation Z indicates that § 1641(g) applies only to holders of the debt. Thus, § 1641(g) and Regulation Z combine to show that an assignee or transferee is not a new creditor within the

meaning of § 1641(g) unless he is the new owner of the debt secured by the instrument in question. *Terry*, 2013 WL 1832376, at *2. If a plaintiff pleads sufficiently that both the security instrument *and* the note were transferred, then his § 1641(g) claim will survive a motion to dismiss on that ground. *See Schafer v. CitiMortgage, Inc.*, No. CV 11-03919 ODW (FFMx), 2011 WL 2437267, at *6 (C.D. Cal. June 15, 2011) (denying the defendants' motion to dismiss the § 1641(g) claim because the plaintiff alleged that the note and the deed of trust were assigned on the same date to defendants); *Squires v. BAC Home Loans Servicing, LP*, No. 11-0413-WS-M, 2011 WL 5966948, at *3 (S.D. Ala. Nov. 29, 2011) (allowing plaintiffs' § 1641(g) claim to proceed because they alleged that both the note and the mortgage were assigned to the defendant).

Despite the clear guidance of the statutory language, the Barrs argue that § 1641(g) must apply to a transfer of the Deed of Trust because the security instrument is the "operative document which enables the true secured party to foreclose." Pls.' Resp. in Opp'n to Def.'s Mot. to Dismiss at 3. This argument is unpersuasive for three reasons. First, by urging a substitution of "Deed of Trust" for "debt" or "mortgage loan," Plaintiffs are conceding that the two instruments are distinct and separate concepts. Second, their argument for merging the two concepts misunderstands the function of § 1641(g). The determination of which document permits foreclosure of the property is unrelated to the disclosure requirement of § 1641(g). This section mandates disclosure when the debt itself is sold, assigned, or "otherwise transferred," not when the loan is in default. 15 U.S.C. § 1641(g)(1).

Finally, such an interpretation would directly contradict the plain language of § 1641(g). When the language is clear and unambiguous, this Court will not ignore the plain meaning of the statutory directives. *See Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001) (explaining that the "general rule is that unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language"); *see also United States v. Morison*, 844 F.2d 1057, 1064 (4th Cir. 1988) ("[W]hen the terms of a statute are clear, its language is conclusive"). The Barrs insist that adherence to the plain language of § 1641(g) would "gut the purpose of the TILA notification statute."[5] Pls.' Resp. in Opp'n to Def.'s Mot. to Dismiss at 4. Yet, if the Truth in Lending Act is intended to protect the consumer by increasing transparency in consumer credit transactions, 15 U.S.C. § 1601, then limiting disclosure to transfers of the debt underlying that transaction furthers that goal. The borrower makes payments on the loan to the holder of that debt, not to the holder of the security instrument. The disclosure requirement of § 1641(g) ensures that the borrower knows at all times to whom he is making the payments. This transparency is unimpeded by the limits of § 1641(g).

Plaintiffs attempt to force the Deed of Trust within the auspices of § 1641(g), but mere conclusory labeling is insufficient under the *Twombly* plausibility standard. *See Twombly*, 550 U.S. at 555. The Barrs allege only that Flagstar did not inform them of the assignment of

---

[5] Plaintiffs cite to *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 707 (11th Cir. 1998) to argue that the Truth in Lending Act, as "a consumer protection statute, . . . is remedial in nature and therefore must be construed liberally in order to best serve Congress' intent." *Ellis*, however, provides little persuasive guidance. First, *Ellis* concerned a vehicle purchase loan and an alleged violation of § 1640(e) of the Truth in Lending Act, rather than § 1641(g) and deeds of trust. Second, Congress did not amend the Truth in Lending Act to include § 1641(g) until May 2009, over ten years after the decision in *Ellis*.

the Deed of Trust. Such assignments do not trigger the disclosure condition of § 1641(g). Instead, § 1641(g) requires the assignment or transfer of at least the underlying debt. Although Plaintiffs argue for the merger of the debt and the security, the two concepts are distinct, both in theory and within the clear language of § 1641(g). Thus, Plaintiffs have not sufficiently stated a claim for relief under § 1641(g) of the Truth in Lending Act. Accordingly, the Complaint must be dismissed.

## CONCLUSION

For the reasons stated above, Defendant Flagstar Bank's Motion to Dismiss (ECF No. 6) is GRANTED.

A separate Order follows.

Dated:        September 17, 2014                /s/_____

                                                                 Richard D. Bennett

                                                                 United States District Judge